# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

HELEN NETT,

    Plaintiff,

v.                                                                             Case No. 04-C-534

MILWAUKEE COUNTY and
DOROTHY DEAN,

    Defendants.

## **DECISION AND ORDER**

      This plaintiff filed this action under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 et. seq. The complaint alleges that: (1) the defendants violated 29 C.F.R. § 825.307 when they required the plaintiff, at her own cost and expense, to meet with her physicians to obtain new medical certifications; (2) the defendants unlawfully interfered with proceedings by discriminating against the plaintiff for filing a grievance with her union in which she complained about their conduct relative to her request for medical leave; and (3) the defendants unlawfully discriminated against her. Specifically, she asserts that the defendants, by their conduct, retaliated against and harassed her for taking medical leave which resulted in a flare-up of her medical condition and caused her to take early retirement. The plaintiff maintains that such conduct thereby amounted to a constructive discharge. The defendants filed their answer on July 16, 2004.

      The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72.1(E.D. Wis.). The parties have consented to

United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73.1 (E.D. Wis.).

By way of background, on September 30, 2004, the court conducted a scheduling conference with the parties. Thereafter, the court entered a scheduling order requiring all discovery to be completed by February 28, 2005. See Court's Order of October 12, 2004, at 1.

On March 1, 2005, pursuant to a joint motion and stipulation of counsel, the court entered an order modifying the October 12, 2004, scheduling order and extending the discovery deadline from February 28 to April 29, 2005. The deposition of defendant Dorothy Dean, took place on April 27, 2005, and the plaintiff's deposition was held on April 28, 2005.

Another telephone status conference with the court was held on May 3, 2005, at which time counsel for the defendants stated that the defendants wanted to file a motion requesting leave to add an affirmative defense. On May 27, 2005, the defendants filed a motion pursuant to Fed. R. Civ. P. 15(a) for an order allowing them to amend their answer to include an affirmative defense. The court held the motion in abeyance pending an attempt by the parties to try to resolve the issue. Subsequently, the court was advised that the parties were unable to reach an agreement. Therefore, the defendants' motion to amend is ready for resolution and will be addressed herein.

## **MOTION TO AMEND ANSWER**

The defendants seek leave to amend their answer to add an affirmative defense "pertaining to harassment." (Defendant's Motion to Amend Their Answer at 1). The defendants assert that they questioned the plaintiff at her deposition on April 28, 2005, "regarding facts that would support an affirmative defense that is available to employers in workplace harassment cases" which was first adopted by the Court in Burlington Industries, Inc. v. Ellerth, 524 U.S. 742 (1998). (Defendants' Brief in Support of Motion to Amend Their

Answer [Defendants' Brief] at 1). The defendants state that they had "no intention of pursuing any additional affirmative defenses" prior to taking the depositions in this case. (Supplemental Affidavit of Lisa M. Bergersen in Support of Defendants' Motion to Amend Their Answer [Bergersen Supp. Aff.] ¶ 2). However, after the plaintiff made statements at her deposition concerning the conduct of defendant Dean and her alleged creation of a hostile work environment, counsel decided to pursue an amendment of the defendant's answer. The defendants assert that the plaintiff was put on notice during her deposition that the defendants may pursue this defense and point out that a similar amendment was allowed in Robinson v. Sappington, 351 F.3d 317, 332-333 (7th Cir. 2003), prior to the filing of a summary judgment motion.

In opposing the motion, the plaintiff states that she agreed to extend various deadlines to accommodate defendants' counsel's requests, including the deferral of the filing of Rule 26 disclosures and an extension of the discovery deadline. The plaintiff points out that the defendants did not disclose the existence of a harassment policy in their Rule 26 disclosures which were filed on April 7, 2005, just 22 days before the discovery deadline. The plaintiff states that her counsel did not ask defendant Dean at her deposition on April 27, 2005, about the county's harassment policies and procedures because she was unaware that this defense was being asserted. The plaintiff notes that when she was deposed on April 28, 2005, she was questioned about her awareness of the county's harassment policy, but a policy was not produced as an exhibit during this deposition.

The plaintiff maintains that she will be greatly prejudiced if the motion to amend is granted at this late stage in the proceedings. She states that if she had known that the defendants intended to raise this defense, she would have conducted additional discovery to explore these issues. The plaintiff further asserts that if the affirmative defense is permitted, the case will be delayed and additional discovery-related costs will necessarily be incurred.

**ANALYSIS**

Federal Rule of Civil Procedure 15(a) provides that after a responsive pleading has been filed, a party may amend his or her pleading only by leave of court or by written consent of the adverse party. Rule 15(a) states that such leave "shall be freely given when justice so requires." The Supreme Court has explained the meaning of "freely given" as used in Rule 15(a), stating:

> In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. - the leave sought should, as the rules require be freely given.

Foman v. Davis, 371 U.S. 178, 182 (1962). Although the rule reflects a liberal attitude towards the amendment of pleadings, courts, in their sound discretion, may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile. Foman, 371 U.S. at 181-82; Campania Mgmt. Co., Inc. v. Rooks, Pitts & Poust, 290 F.3d 843, 848-849 (7th Cir. 2002).

This action has been pending for over a year and the discovery deadline has passed. However, the defendants maintain that they were unaware of a potential harassment issue until the plaintiff's deposition in April 2005. When they became aware of the issue, counsel researched the existence of any policies that would pertain to the affirmative defense that they now seek to add to their answer. The court was advised of defendants' intention to move to amend their answer on May 3, 2005. Given the averments of counsel, the defendants were unaware of this possible defense prior to the plaintiff's deposition. Thus, there is no indication of dilatory tactics or undue delay on the part of the defendants in filing their motion to amend at this juncture. There is also no indication that any such amendment would be futile.

The court must also consider whether amendment of the answer will unduly prejudice the plaintiff. See Foman, 371 U.S. at 182. Undoubtedly, if the motion to amend is granted, the plaintiff will have to conduct some additional discovery and the resolution of this action will be delayed. Such concerns can be partially mitigated by limiting the time and scope of discovery.

The court is well aware the Rule 15(a) provides for the liberal amendment of pleadings. The court has carefully considered the issue presented by the defendants' motion and is not unsympathetic to the plaintiff's position. Nonetheless, although the lateness of the motion is a concern, upon due consideration of the relevant factors, the court concludes that the defendants' motion to amend the answer should be granted.

The court will conduct a telephone conference with counsel for the parties on September 15, 2005, at 2:45 p.m. to discuss further scheduling, including the date for completion of limited discovery and the date for filing dispositive motions. The court will initiate the conference call.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that defendants' motion to amend their answer to add an affirmative defense is **granted**.

**IT IS FURTHER ORDERED** that the parties shall appear for a telephone conference on Thursday, **September 15, 2005, at 2:45 p.m.,** to discuss further proceedings in this case. The court will initiate the conference call.

Dated at Milwaukee, Wisconsin, this 15th day of August, 2005.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge